Which is people with state of Illinois versus Wilkes. 416-0916 for the appellant Ms. Sostock and for the appellate Ms. Brooks. Did you travel up here together? Um, no. You're right there. Well, you're saving the state money probably. Yeah, very good. You may proceed. May it please the court, I am Sostock for Kellogg-Wilkes. Kellogg-Wilkes was not found guilty beyond a reasonable doubt and temper. The trial court found that Wilkes possessed only, at the very least, the specific intent to cause great bodily harm. Under Illinois law, the lesser mental state of specific intent to cause great bodily harm is not sufficient to sustain a conviction to a temper. As a result, the trial court's findings only establish the lesser offense of aggravated battery. How can you say that when the judge said, what better set of circumstances from the court's perspective in this case could there be to establish specific intent and you're 15 feet away from the individual that you were firing on, not one, not two, not three, not four, not five, with six shots towards from a .44 caliber weapon aimed at an individual's head, to establish that one's purpose and specific intent was to kill that person, or at the very least, cause great bodily harm, and therefore there is a specific intent demonstrated by those facts and circumstances. How can you take those words and say the judge did not find specific intent? Well, the judge did find specific intent, but we don't know. It was the wrong specific intent. When the court said that there was specific intent to kill or, at the very least, to create great bodily harm, which he then clarified in the post-trial motion and said, no, that's not what I was talking about. I was simply reading off the information, which they then amended, because it had included that additional language, which was superfluous. It wasn't needed for purposes of the information. Well, there's two points I'd like to make there. First is that when the court clarified its original ruling in the post-trial motion, it actually reinforced the fact that it was relying on this false indictment. The only reason the indictment no longer mattered at the post-trial stage was because trial counsel actually addressed specific intent to kill in this closing argument. However, specific intent to kill is an essential element of offense, and it should have been included in the charging instrument. And there's a reason that the trial court did go to great lengths to allow the state to correct that post-trial,  not just specific intent generally, but specific intent specifically to kill. And the fact that the court acknowledged that it relied on that ruling's charging instrument, it just reinforced the fact that it did, in fact, make a finding that there was specific intent to create great bodily harm. That's directly contrary to what the words of the court were. What you've done is you've taken out of context one part of one phrase of one sentence, and from that you're creating an issue which doesn't even exist in this record. I would say that it does exist because when the court – the court talked about specific intent several times, and they used the word specific intent several times. However, the fact that the court began its findings by reading from the erroneous charging instrument which talks about intent to create great bodily harm, and then later acknowledged that it relied on the erroneous words in the charging instrument, just shows that the specific intent that this court was – the trial court was talking about was the specific intent to create great bodily harm. The court's reliance and acknowledge – the court acknowledged that it was relying on this charging instrument, and the court was mistaken in relying on the charging instrument. The charging instrument contained an error 1, and the court relied on that in its findings, and the court stated that it did in fact rely on its findings. What better set of circumstances – leaving out all the language in the middle – to establish that one's purpose and specific intent was to kill that person. That's exactly what the judge said. That's not entirely what the judge said. Or, at the very least, cause great bodily harm. But he specifically says intent to kill. Or, at the very least. So, for example, in this case the court also had to find that Mr. Welks personally discharged a firearm. If the court had said there's enough evidence here to show Mr. Welks personally discharged a firearm, or, at the very least, watched his friend discharge a firearm, that would not be sufficient to show that Mr. Welks himself discharged a firearm. The court, by putting that phrase in with the specific intent to kill, automatically lowered it to a lesser burden. It's similar to if the court had said, I believe that there is enough evidence here beyond a reasonable doubt, or, at the very least, by preponderance of the evidence. That would not be sufficient evidence to show someone was guilty beyond a reasonable doubt in a criminal case. The court would have been lowering the burden, as it did here, by lowering the mental state. I think we can also see, by looking at Trinkle, that that finding is just not sufficient to sustain the conviction. Because in Trinkle, the jury was given erroneous jury instructions that contained the language that, intent to create great bodily harm. And the court found that those jury instructions were erroneous, because they weren't sufficient to sustain the specific intent. Counsel, it seems to me that the trial court clarified its misstatement at the hearing on the motion to reconsider, and that's your, I think, problem here with your argument. What's your response? My response is first that I think, I agree that the court was trying to clarify its original ruling. However, the original ruling still stands. Well, a trial court can make a misstatement. You have to agree with that, I would think. There are cases that allow a trial court to correct a misstatement that can be considered a slip of the tongue, or an immediate miscorrected ruling. However, here, that's not what happened. We know that this trial court didn't have a slip of the tongue, because it began by reading the erroneous charging instrument. The trial court told the parties that it relied on this charging instrument in making its findings. Therefore, the court stated that it was relying on a wrong element of the offense when making its findings. So, I would agree that it was trying to clarify, but one, it was too late to clarify, because Mr. Wilkes was already acquitted of that element, based on the original ruling. And it's too late, at that point, to make a new finding. So the motion to reconsider was meaningless, then? It's too late. Motion to reconsider, no matter what is ruled, doesn't make any difference. Well, I believe it was like, the trial court actually asked for a motion. I mean, trial. I said reconsider, not trial, thank you. But, I believe it was absolutely too late, because the court had already ruled, based on the facts, as to that element of the offense. And that ruling was incorrect, but that was the court's ruling. And that incorrect ruling was insufficient just as being a greater offense in this case. Well, that would be like, though, a court mistakenly mentioning an aggravating factor that's inherent in the offense to sentence. And then, on a motion to reconsider, the court says, you've got the sentence that you deserve, because, and lists the reasons, and says, I was not relying upon that as an aggravating circumstance. It was almost superfluous language. But my thought was, you need this sentence because of what you did. And it seems to me that's akin here to him saying, that was some of the language of the indictment, and I found specific intent based upon the facts and circumstances of the case. He says that during the motion to reconsider. I don't understand why there, if there's finality in what the judge said, then you can't ever have a motion to reconsider. The finality is, I've ruled. So, however I've ruled, whichever side brings it up, you lose. You're just not going to get me to reconsider. Instead, I'm explaining to you, and I might be saying it politely, or maybe I could say it directly, I should not have said that. But that was not the import of my finding, that he acted with specific intent, and I could find no other, nothing other than specific intent, because of, and then reciting the six shots, and 15 feet away, and so on. So I think this is different than your example of sentencing, because in Evans v. Michigan, the United States Supreme Court discussed, in the context of juggled jeopardy, well here is a little different, but I would argue that Mr. Wilkes was actually acquitted of this specific element, based on what the court said, even though the court was mistaken in saying that, that is what the court's words were, same as in Evans v. Michigan. The court made a misstatement of law there, and it's too late to correct that, once the ruling has been made. What if the judge said, what if he said, there's clearly specific intent to do great bodily harm, but there is also the specific intent to kill, because of the factors that he mentioned. If he stated it that way, it would be okay, wouldn't it? It would be okay, because I think that's not lowering it, that's actually addressing the correct mental state, as opposed to lowering it to the very least, create great bodily harm. What if the trial court said, the defendant argues that at most, he's guilty of attempting to cause great bodily harm, or causing great bodily harm, but in fact, one can argue that, but I'm finding specific intent to kill. Well, that would be fine as well, because it's clear that the court is making a finding of specific intent to kill, which is a greater mental state that's an essential element of the offense, whereas in this case, it is not clear, and I think the court's statements at the beginning of its findings, where it read off from the indictment, show that its reliance was on this bolognese element. So you just ignore completely his factual description of the evidence? Well, his factual description of the evidence pertains to what he says in his concluding sentence. The concluding phrase was, specific intent to kill, or at the very least, create great bodily harm. And he refers back to the facts and circumstances that he's already mentioned, which lead to a conclusion of specific intent to kill. No, it doesn't. Therefore, there's specific intent demonstrated by those facts and circumstances. Yes, specific intent, and there, because, you know, when he talked about specific intent... Oh, so he left out the words to kill, and therefore... Well, that's essential. You lose. It's essential. We don't know, and because... You're not allowed to take into consideration everything the judge says? Well, we only look at a couple of words, and if those words happen to work for us, that's all we need. I think in another context where we didn't have the court's other words explaining why it made this finding, we might, you know, have a different result here. But because the court, you know, reinforced the fact that the reason it made this finding was because... Wait a minute. You said a minute ago that what he said at that motion hearing doesn't matter. It's what he said at the time... It's not enough to change the finding. Okay, I'm really confused now. Because I was sworn, you said, that what happened at that motion hearing does not matter. It's what he said at the time of the sentence. I think what I said was that he cannot change his ruling. However, he did explain his ruling. And in his... There's two reasons we know why the specific intent here... He did... I agree he referred to specific intent several times in his ruling. But the only times he, you know, elucidated what he meant by specific intent was in this phrase right here. And so this is what we know about what the court ruled as to specific intent. And the court read from the indictment and then later said it relied on this charging instrument. And the charging instrument... The specific intent in the charging instrument was wrong. So now we're ignoring... So now we're ignoring the language at the motion hearing that the trial court noted that it had found that specific intent to kill was shown by the state to exist under the facts and circumstances of this case. We ignore that part completely, right? I think that that is not an accurate reading of what he actually said in his original... Wait a minute. He's the one saying it. He's saying, this is what I meant. Specific intent to kill was shown by the state to exist under the facts and circumstances of this case. That's out of the transcript. That's what he said. How can you ignore that completely? I would say I'm not ignoring it. And I did argue in my briefs that the reason that it just... I think the words... But now that doesn't matter, because his sentence was... I think the words of his actual ruling speak for themselves. And I think he lowered the... Okay, wait a minute. So now we're flipping back to the position that it's what he said at the time of his finding, not what he said at the motion hearing. I think we can infer some things from what he said later. However, I do think his findings speak for themselves. And we even know from his original findings that he was relying on the charging instrument. He read the charging instrument. See, that's an inference that you're drawing. I thought you were going to rely just on the words he said. He read the charging instrument at the beginning of his finding of guilt. And then he said that Mr. Wilkes was guilty because he found the dose specific intent to kill at the very least create bodily harm. Why isn't that... At the very least, why isn't that just superfluous? If he's twice... He said there could be no better case to establish specific intent. And then says one's purpose and specific intent was to kill that person. And that precedes the... Or at the very least, cause great bodily harm. That almost sounds like a throwaway or... You're going to be convicted of a serious crime, but here what I've said before is it's specific intent to kill. Because he does say that, that these circumstances are such that that establishes your purpose and your specific intent. I don't think that's what he said there. I think he lowered it to that it could be specific intent to kill or at the very least create great bodily harm. And by putting that in there, if the trial court knew what the correct element was, then he didn't need to say that at all. If the trial court lowered the mental state by stating that, then it's akin to saying, I find the defendant guilty beyond a reasonable doubt or at the very least by a preponderance of the evidence. It's just not enough here. I like words and I think words matter. But here we have an experienced trial judge who's tried lots of criminal cases and we know that anecdotally because we see these cases. A lot of cases come out of Clinton County who knows that in order to find him guilty of murder or attempt murder, he's got to have a specific intent to kill. And he throws in this phrase and then later explains it. I don't think we can go... We can guess what the trial judge should do at this point. What do you say? It is relevant to us whether somebody is... If they're an experienced trial judge and we know that, that's going to influence our ruling. I don't know if he has done a lot of attempt to kill, attempt murder. Is it just as relevant when the judge says the specific intent to kill was shown by the state to exist under the facts and circumstances of this case? That's changing his ruling. If he didn't change his ruling, he's trying to explain what he originally said and I think the original words speak for themselves. Counsel, honestly, this is... After being in the trial court for 17 years, this is a perfect example of somebody months later looking at a cold transcript and trying to create an issue out of whole cloth, out of words that a judge is saying as he's rendering his ruling from the bench. See, unlike us, where we get to read it all and we get to study it and analyze it and then we get to write out a written opinion, trial judges day in and day out do this from the bench. And he's trying to explain his ruling and because he simply includes a phrase, which he clearly explains later had nothing to do with his ruling and which is preceded by a very clear description of all the facts upon which he relies in finding a specific intent to kill. We now take that out of context and try to damn the judge for simply maybe speaking a little too long in explaining his ruling. I would disagree that it's taken out of context and here I think that because of the situation where the charging instrument wasn't correct and the court used the charging instrument in its finding and the court explained that it relied on this charging instrument, we don't know if the trial court found Mr. Wills guilty of a specific intent to kill or at the very least to cause great violent harm. We don't know. Even though he said so. He didn't say so, though, in his finding. Actually, he did then and he did again in the post-trial motion. I would disagree. Counsel, before you're out of time, just for clarification, you're not seeking a reversal based upon a defective indictment nor the propriety of allowing the indictment to be amended post-trial? No. In that respect, I am not. And what I'm seeking here is for Mr. Wills' conviction to be reduced to aggravated battery because the trial court's findings were equivalent to sustain that conviction. Let me suggest that something that Judge Jamin said is anecdotally correct in terms of we see cases where we're trying to create an issue, but all of us are also smart enough to know that it's your job to vigorously defend your client and to look for those things in the record that may be a defect or may be an error that requires the action you request from this court. So I think you stuck to your guns pretty well. But we'll hear from you on rebuttal. Good afternoon, Your Honors. I'm Allison Paige Brooks, and I'm up here on behalf of the people. May it please the Court. The defense is saying that it is too late for the trial court to correct or change its ruling because the defense asserts that what the trial court initially found constituted an acquittal for purposes of public justice, an acquittal is then defined as a ruling which actually represents a resolution in the defendant's favor of some or all of the elements of the offense charged. Here, the element of the offense charged at the time of the trial court's findings was not intent to kill. That was not part of the actual element charged. Now, it was an element of the offense charged, which was first-degree attempt, first-degree murder. However, this was never actually resolved in the defendant's favor. So when the defense argues that the trial court found only intent to inflict great bodily harm, that's not actually correct because the trial court found that the state could intend to kill or, at the very least, attempt to inflict great bodily harm. So this is not a resolution as if the same which would arguably constitute acquittal if the trial court had said, I do not believe the trial court... I do not believe the prosecution proved beyond a reasonable doubt that this defendant intended to kill this person. However, I do find that he intended to inflict great bodily harm. If that were the case, then there would be a resolution on the element of intent to kill in the defendant's favor. Here, the trial court actually found against the defendant on intent to kill, but then also phrased it in the alternative. And to the extent that could have been error, the defense raised that on a post-trial motion, and the trial court then had an opportunity to correct that error, which is something that did not happen in the Hernandez case when the trial court there continuously refused, even in the post-trial motion stage, to make the required finding on the element. So Hernandez was reversed for the trial and not given, like, the disposition of defense. The point here refers, apparently, which is the double jeopardy finding to make this reduced to a lesser crime of aggravated battery. So it's not double jeopardy if, for example, the jury is not instructed on the required element of the crime. So when the jury returns a verdict of guilty but was not properly instructed on that element, they did not find that element because they weren't asked to. But that does not mean that the jury resolved that element of the defendant's favor. They just simply did not make a finding on that element because they weren't asked to do so. So here it's not a situation where the trial court is barred by a precedent such as Michigan v. Evans interpreting the double jeopardy clause. The defense says it's too late to clarify because he was already acquitted. Well, it's not too late to clarify if he was not acquitted. The idea that this is a merits-related ruling does not mean that it cannot be corrected. It can only be not corrected if it is a merits-related ruling that constitutes an acquittal for purposes of double jeopardy. At that point, the case would be over in the defendant's favor because the acquittal is essentially absolute, cannot be corrected. However, it's not an acquittal, it can be corrected, it was corrected, and when the trial court allows the prosecution to amend its charge after the trial, then the trial court is essentially looking at that charge, which is now alleged as intent to kill. And it does find intent to kill and made that apparent on the record at that point. So it's not necessary to grant him a new trial, as it would be the case, for example, if the improperly instructed jury or if the trial court, like Hernandez, kept refusing to hold the state to its burden to prove the unreasonable doubt, and for the trial court to have to find the unreasonable doubt that there was intent to kill. Trinkle is distinguishable. I understand that they rely on the appellate court disposition in Trinkle, which was affirmed by the Supreme Court of Illinois, which reduced the attempted murder conviction to aggravated battery. However, Trinkle was a factually distinguishable case. There, a tavern patron returned, fired basically blindly through the door, and that was found essentially... The state's position is that the Trinkle disposition, the reduction of that, is a result of the reasonable doubt persisting as to the element of intent to kill under the specific facts of that case. And here, the defendant fired six times in the direction of the victim's head at close range at 44 Magnum. It's not a situation where any reasonable doubt persists as to his intent to kill. So therefore, it's not appropriate to reduce the conviction to aggravated battery as what has occurred in the appropriate disposition of Trinkle. So for those reasons, the state requests the court to affirm his conviction and entertain any questions. Thank you, Your Honor. Thank you. Rebuttal? To begin with, I would say that as Justice Turner's question showed, that in the post-trial ruling, the court was not actually making a new finding. It was not correcting its ruling. It was merely attempting to explain what his earlier finding was. And that's evidenced by the fact that the court even introduced as an exhibit his own ruling. So he wasn't actually making a new ruling, nor could he make a new ruling at that point. The court tried to show... The court tried to explain his ruling, but I don't think that it actually explained anything because the finding spoke for itself. The finding was insufficient to establish an essential element of attempt murder, which is the specific intent to kill. And the court, by lowering the mental state, did not actually sustain that conviction. So when the state argued that the, you know, Trinkle doesn't apply, I would agree. I would disagree because in Trinkle... I mean, Trinkle is important because it shows us that that element is essential. And the finding needed to... If it was going to include that element specifically, the court needed to make the correct finding as to the specific intent element. It needed to make the finding as to the specific intent to kill,  of death or right bodily harm. And it needed to make, you know, a determination on that correct element. Additionally, I think that we need to reduce the charge here to aggravate the battery because we had the... I believe that Mr. Walsh was acquitted on that element. It's true that he wasn't acquitted completely, but the court's statements and findings of that amounted to an acquittal of the specific intent to kill by lowering it to specific intent to free right bodily harm. And as the court of Trinkle explained, that is only equivalent to aggravated battery. And here the findings were only equivalent to sustained conviction of aggravated battery. When the state fails to prove an element of the offense, the defendant is acquitted of that element and the state has not proven the great offense. And I believe that the findings here are equivalent to that situation where the court found this lower mental state was not enough to establish the great offense. The court doesn't have any other questions? Thank you, counsel. We'll adjourn until tomorrow.